*E. H. Brown, for appellees.*

---

JAMES W. DILLINGHAM, ET AL., *v.* R. D. DILLINGHAM, ET AL.

**Guardian's Sale—Purchase Money.**

> One who purchases at guardian's sale of real estate and pays the purchase money, and the conveyance is approved by the court, is not held liable to pay the purchase money over in case the guardian fails to reinvest the purchase money to the advantage of his ward.

APPEAL FROM MARION CIRCUIT COURT.

April 15, 1876.

OPINION BY JUDGE COFER:

It is not claimed that there was any such defect in the proceedings for the sale of the 54 ½-acre tract of land inherited by the appellants

from their mother as rendered the judgment void or even erroneous. Spalding purchased and paid for it, and there is nothing even tending to connect him or his vendee, Bannister, with the re-investment of the money arising from the sale, even if it had been shown that that investment was fraudulently made. The purchase money was paid by Spalding to the receiver on an order of the court, and we are unable to perceive any ground upon which he can be made liable to the appellants, or upon which the 54½ acres can be reached by them for indemnity on account of the alleged misuse of the purchase money.

The money was reinvested under order of the court, upon the representation of the guardian that the title to the Crowders's land was unincumbered. If it were conceded that if that representation was fraudulently made by the guardian, his surety, Glazebrook, would be responsible for the loss on account of the subsequent assertion by Mrs. Crowders of her claim to dower. It is not alleged that the guardian was guilty of any fraud in the matter. The only allegation is that he represented the title to be good and unincumbered, when in fact it was incumbered by the claim for dower. It is not alleged that he knew anything of the claim, either present or potential, of Mrs. Crowders. Unless he had such knowledge his representation was not fraudulent.

But if, going still further, it be conceded that the representation of the guardian was fraudulent, we are unable to discover any right of action on that account against Glazebrook. He covenanted only that his principal should faithfully discharge all his duties under the statute relating to the sale of the real estate of infants, and under any order or decree of the court in pursuance thereof.

To investigate title with a view to the reinvestment of the fund arising from the sale was no part of the official duty of the guardian, and the surety did not undertake that he should faithfully perform that self-imposed undertaking. If the life estate of the guardian has been sold and the purchasers have or shall commit waste of the estate to the injury of the remaindermen, they have a plain and adequate remedy. If, as we think it must be taken to be true, the guardian is yet alive, the appellants have lost nothing in consequence of Mrs. Crowders's dower, and they have no right to complain, even of him, on that account.

Judgment *affirmed.*

*Russell Avritt, for appellants.*

*R. H. Rountree, for appellees.*